IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ADAM FRANCHI, Individually and On Behalf of All Others Similarly Situated, Gloucester, New Jersey 08030<br><br>     Plaintiff,<br><br>  v.<br><br>SUCAMPO PHARMACEUTICALS, INC., 9805 King Farm Boulevard, Suite 550 Rockville, Maryland 20850<br><br>PETER GREENLEAF, 9805 King Farm Boulevard, Suite 550 Rockville, Maryland 20850<br><br>PAUL EDICK, 9805 King Farm Boulevard, Suite 550 Rockville, Maryland 20850<br><br>JOHN H. JOHNSON, 9805 King Farm Boulevard, Suite 550 Rockville, Maryland 20850<br><br>MAUREEN E. O'CONNELL, 9805 King Farm Boulevard, Suite 550 Rockville, Maryland 20850<br><br>ROBERT J. SPIEGEL, 9805 King Farm Boulevard, Suite 550 Rockville, Maryland 20850<br><br>TIMOTHY P. WALBERT, 9805 King Farm Boulevard, Suite 550 Rockville, Maryland 20850<br><br>KAREN SMITH, 9805 King Farm Boulevard, Suite 550 Rockville, Maryland 20850<br><br>MALLINCKRODT PLC, 675 McDonnell Blvd., Hazelwood, Missouri 63042 | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br><u>CLASS ACTION</u> |

```
SUN ACQUISITION CO.,            )
675 McDonnell Blvd.,            )
Hazelwood, Missouri 63042       )
                                )
                                )
        Defendants.             )
```

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE OF THE ACTION

1.   This action stems from a proposed transaction announced on December 26, 2017 (the "Proposed Transaction"), pursuant to which Sucampo Pharmaceuticals, Inc. ("Sucampo" or the "Company") will be acquired by Mallinckrodt plc ("Parent") and its wholly-owned subsidiary, Sun Acquisition Co. ("Merger Sub," and together with Parent, "Mallinckrodt").

2.   On December 23, 2017, Sucampo's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Mallinckrodt. Pursuant to the terms of the Merger Agreement, Merger Sub commenced a tender offer (the "Tender Offer"), currently set to expire at 8:00 a.m., Eastern Time, on February 13, 2018, to acquire all of Sucampo's outstanding Class A common stock for $18.00 in cash per share. If the Tender Offer is completed, Merger Sub will be merged with and into the Company, and the Company will continue as the surviving corporation as a wholly owned subsidiary of Parent.

3.   On January 16, 2018, defendants filed a Schedule 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Sucampo common stock.

9. Defendant Sucampo is a Delaware corporation and maintains its principal executive offices at 805 King Farm Boulevard, Suite 550, Rockville, Maryland 20850. Sucampo's common stock is traded on the NasdaqGM under the ticker symbol "SCMP."

10. Defendant Peter Greenleaf ("Greenleaf") is the Chairman of the Board and the Chief Executive Officer ("CEO") of Sucampo.

11. Defendant Paul Edick ("Edick") is a director of Sucampo.

12. Defendant John H. Johnson ("Johnson") is a director of Sucampo.

13. Defendant Maureen E. O'Connell ("O'Connell") is a director of Sucampo.

14. Defendant Robert J. Spiegel ("Spiegel") is a director of Sucampo.

15. Defendant Timothy P. Walbert ("Walbert") is a director of Sucampo.

16. Defendant Karen Smith ("Smith") is a director of Sucampo.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18. Defendant Parent is a public limited company incorporated under the laws of Ireland, and is a party to the Merger Agreement.

19. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Sucampo (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

21. This action is properly maintainable as a class action.

22. The Class is so numerous that joinder of all members is impracticable. As of December 31, 2017, there were approximately 47,294,047 shares of Sucampo Class A common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

23. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if

defendants' conduct complained of herein continues.

24. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

25. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

26. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### Background of the Company

27. Sucampo is a global biopharmaceutical company focused on developing, identifying, acquiring, and bringing to market innovative medicines that meet unmet medical needs. The Company's primary focus areas are gastroenterology, ophthalmology, and oncology-related disorders. Sucampo currently generates revenue mainly from product royalties, product sales, upfront and milestone payments, and reimbursements for development activities. The Company's operations are conducted through subsidiaries based in the United States, Japan, and

Switzerland, and it operates as one segment that focuses on the development and commercialization of pharmaceutical products.

28. Sucampo has a late-stage pipeline of product candidates in clinical development for orphan disease areas, including VTS-270 and CPP-1X/sulindac. VTS-270 is a mixture of 2-hydroxypropyl-B-cyclodextrins with a specific compositional fingerprint that has been granted orphan designation in the United States and Europe and is in a pivotal Phase 3 clinical trial for the treatment of Niemann-Pick Disease Type C, a rare progressive genetic and ultimately fatal disorder. The Phase 3 trial is ongoing, with the New Drug Application ("NDA") filing currently expected in 2018, and approval anticipated in 2019. VTS-270 has also been granted breakthrough therapy designation in the United States, which status results in expedited review by the U.S. Food and Drug Administration ("FDA").

29. Sucampo has an exclusive option for the North American rights to CPP-1X/sulindac, which is in Phase 3 development for the treatment of familial adenomatous polyposis and has been granted orphan drug designation, as well as its fast track designation, in the United States. Completion of the Phase 3 trial is currently expected at the end of 2018, with the NDA filing currently expected in early 2019, and approval also anticipated in 2019. Peak United States potential net sales for the product are estimated at greater than $300 million.

30. Further, the company has two marketed products, AMITIZA and RESCULA. AMITIZA is a ClC-2 chloride channel activator developed for the treatment of constipation. AMITIZA acts with a dual mechanism of action, increasing intestinal fluid secretion while also stimulating recovery of mucosal barrier function. AMITIZA has been approved for three indications that cover distinct patient types: chronic idiopathic constipation, irritable bowel syndrome with constipation, and opioid-induced constipation. Since 2006, AMITIZA has been

dispensed over 10 million times.

31. RESCULA is a Big Potassium channel activator used to lower intraocular pressure. In October 2015, Sucampo acquired R-Tech Ueno, Ltd. ("R-Tech"), a global biopharmaceutical company focused on the research and development of drugs for inflammatory conditions, oncology and ophthalmology. Pursuant to the acquisition, Sucampo acquired global rights to RESCULA. In the United States, Sucampo ceased marketing RESCULA in the fourth quarter of 2014 and no product was made available after the March 2015 expiration date. In May 2015, Sucampo returned all licenses for unoprostone isopropyl to R-Tech. In June 2016, Sucampo completed the withdrawal of the marketing authorization for RESCULA in the United States. RESCULA is being commercialized by Santen Pharmaceutical Co., Ltd in Japan, and Sinphar Pharmaceutical, Co., Ltd and Zuellig Pharma Inc. in Taiwan.

32. On December 23, 2017, the Company entered into the Merger Agreement with Mallinckrodt, pursuant to which Merger Sub commenced the Tender Offer, which is set to expire at 8:00 a.m., Eastern Time, on February 13, 2018.

33. If a majority of Sucampo's outstanding common stock is tendered into the Tender Offer and the Tender Offer is completed, Sucampo's stockholders will receive $18.00 in cash for each share of Sucampo Class A common stock they own.

*The Solicitation Statement Omits Material Information, Rendering It False and Misleading*

34. On January 16, 2018, defendants filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.

35. The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.

36. The Solicitation Statement omits material information regarding Sucampo's

financial projections and the valuation analyses performed by Sucampo's financial advisor in connection with the Proposed Transaction, Jefferies LLC ("Jefferies").

37. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to stockholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

38. The Solicitation Statement discloses certain projections of Sucampo for non-GAAP (generally accepted accounting principles) metrics, including EBIT and unlevered free cash flow, but it fails to provide stockholders with the necessary reconciliation of the non-GAAP projections to the most comparable GAAP measures, or the line item projections to EBIT, including selling and marketing expense, research and development costs, general and administrative expenses, royalty payments, intangible assets amortization, and CPP-1X/sulindac profit sharing with Cancer Prevention Pharmaceuticals. To avoid misleading stockholders with non-GAAP financial measures in business combinations such as the Proposed Transaction, publicly traded companies must provide a reconciliation of the differences between the non-GAAP financial measures with the most comparable financial measures calculated and presented in accordance with GAAP.

39. Further, the Solicitation Statement currently discloses the Company's projected tax rate for years 2018 through 2027, which apparently includes the use of Sucampo's available net operating losses, but the Solicitation Statement fails to (but must) disclose the actual amounts

of Sucampo's expected net operating loss carryforwards and other tax attributes.

40. With respect to Jefferies' Selected Public Companies Analysis, the Solicitation Statement fails to disclose the individual multiples and financial metrics for each of the companies observed by Jefferies in its analysis.

41. With respect to Jefferies' Selected Precedent Transactions Analysis, the Solicitation Statement fails to disclose the individual multiples and financial metrics for each of the transactions observed by Jefferies in its analysis.

42. With respect to Jefferies' Discounted Cash Flow Analysis, the Solicitation Statement fails to disclose: (i) the specific inputs and assumptions underlying the discount rate range of 11.0% to 12.0% used by Jefferies in its analysis; (ii) Jefferies' basis for selecting perpetuity growth rates of negative 5% to negative 15%; and (iii) the terminal exit multiples implied by Jefferies' analysis. Further, with respect to Jefferies' illustrative sensitivity analysis, which reflects the potential impact of the new U.S. tax reform on the Discounted Cash Flow Analysis, the Solicitation Statement must disclose Jefferies' basis for using corporate tax rates for years 2019 through 2027 of 26% to 31%, which are substantially similar to the current tax rate range of 28% to 31% used by Jefferies in its analysis.

43. With respect to Jefferies' implied premiums paid analysis, the Solicitation Statement fails to disclose the identity of the mergers and acquisition transactions observed by Jefferies in its analysis, as well as each of the transactions' premiums.

44. The omission of this material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following sections of the Solicitation Statement: (i) Opinion of Financial Advisor; and (ii) Certain Financial Projections.

45. The above-referenced omitted information, if disclosed, would significantly alter

the total mix of information available to Sucampo's stockholders.

## COUNT I

### (Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)

46. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47. Section 14(e) of the 1934 Act states, in relevant part, that:

> It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

48. Defendants disseminated the misleading Solicitation Statement, which contained statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not misleading.

49. The Solicitation Statement was prepared, reviewed, and/or disseminated by defendants.

50. The Solicitation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

51. By virtue of their positions within the Company and/or roles in the process and the preparation of the Solicitation Statement, defendants were aware of this information and their duty to disclose this information in the Solicitation Statement.

52. The omissions in the Solicitation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Transaction. In addition, a reasonable investor will view a full and accurate

disclosure as significantly altering the total mix of information made available.

53. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Solicitation Statement, causing statements therein to be materially incomplete and misleading.

54. By reason of the foregoing, defendants violated Section 14(e) of the 1934 Act.

55. Because of the false and misleading statements in the Solicitation Statement, plaintiff and the Class are threatened with irreparable harm.

56. Plaintiff and the Class have no adequate remedy at law.

## COUNT II

### (Claim for Violation of 14(d) of the 1934 Act Against Defendants)

57. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

58. Section 14(d)(4) of the 1934 Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

59. Rule 14d-9(d) states, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

60. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or

misleading.

61. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

62. The omissions in the Solicitation Statement are material to plaintiff and the Class, and they will be deprived of their entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the tender offer.

63. Plaintiff and the Class have no adequate remedy at law.

### COUNT III

**(Claim for Violation of Section 20(a) of the 1934 Act Against the Individual Defendants and Mallinckrodt)**

64. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

65. The Individual Defendants and Mallinckrodt acted as controlling persons of Sucampo within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as directors of Sucampo and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

66. Each of the Individual Defendants and Mallinckrodt was provided with or had unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

67. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Solicitation Statement.

68. Mallinckrodt also had direct supervisory control over the composition of the Solicitation Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Solicitation Statement.

69. By virtue of the foregoing, the Individual Defendants and Mallinckrodt violated Section 20(a) of the 1934 Act.

70. As set forth above, the Individual Defendants and Mallinckrodt had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.

71. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

72. Plaintiff and the Class have no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

Dated: January 23, 2018

**GOLDMAN & MINTON, P.C.**

By: _____/S/_____
Thomas J. Minton – No. 03370
3600 Clipper Mill Rd., Suite 201
Baltimore, MD 21211
Ph (410) 783-7575
Fax (410) 783-1711
tminton@charmcitylegal.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
(302) 295-5310

**RM LAW, P.C.**
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
(484) 324-6800

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

/S/
Thomas J. Minton – No. 03370
Goldman & Minton, P.C.
3600 Clipper Mill Rd.; Suite 201
Baltimore, MD 21211
Ph (410) 783-7575
Fax (410) 783-1711
tminton@charmcitylegal.com

*Attorneys for Plaintiff*

## CERTIFICATION OF PLAINTIFF

I, Adam Franchi ("Plaintiff"), hereby declare as to the claims asserted under the federal securities laws that:

1. Plaintiff has reviewed the complaint and authorizes its filing.

2. Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3. Plaintiff is willing to serve as a representative party on behalf of the class, either individually or as part of a group, and I will testify at deposition or trial, if necessary. I understand that this is not a claim form and that I do not need to execute this Certification to share in any recovery as a member of the class.

4. Plaintiff's purchase and sale transactions in the Sucampo Pharmaceuticals, Inc. (NasdaqGM: SCMP) security that is the subject of this action during the class period is/are as follows:

### PURCHASES

| Buy Date | Shares | Price per Share |
|---|---|---|
| 12/8/17 | 15 | $15.90 |
|  |  |  |
|  |  |  |
|  |  |  |

### SALES

| Sell Date | Shares | Price per Share |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

*Please list additional transactions on separate sheet of paper, if necessary.*

5. Plaintiff has complete authority to bring a suit to recover for investment losses on behalf of purchasers of the subject securities described herein (including Plaintiff, any co-owners, any corporations or other entities, and/or any beneficial owners).

6. During the three years prior to the date of this Certification, Plaintiff has not moved to serve as a representative party for a class in an action filed under the federal securities laws.

7. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond Plaintiff's *pro rata* share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of January, 2018.

Adam Franchi